UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARISSA D.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. 3:25-cv-05481-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

…

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB"). Dkt. 5, Complaint. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the Administrative Law Judge's ("ALJ") decision finding that plaintiff was not disabled. Dkt. 5, Complaint.

Plaintiff alleges disability onset beginning December 31, 2019. AR 24. For DIB, the date last insured was September 30, 2023. AR 26.

The ALJ determined that plaintiff had the following severe impairments: "traumatic brain injury, migraine, cervical degenerative disc disease, neurocognitive disorder, depressive disorder, anxiety disorder, and somatic symptom disorder." AR 26.

1

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely; only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.* The Court may determine the ALJ's reasoning by drawing reasonable inferences and determining an implied finding from the record. *Ferguson v. O'Malley,* 95 F. 4th 1194, 1200 (9th Cir. 2024).

## DISCUSSION

**1. Medical evidence.**

Plaintiff asserts the ALJ erred by rejecting medical opinion evidence of Dr. Reginald Adkisson, Ph.D., LP (AR 1310-1314, evaluation of October 6, 2023) and Dr. Savahn Rosinbum, ND (AR 1269, summary of February 24, 2022).

In *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022), the Ninth Circuit held,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

2

*Id.*

If the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its judgment for the ALJ's. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024). There is "a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022); *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Regarding Dr. Rosinbum's medical opinion, the ALJ erred by determining that Dr. Rosinbum made an assessment that was "reserved to the Commissioner." AR 35. This is incorrect; Dr. Rosinbum's opinion did not conclude whether plaintiff was, or was not, disabled under the Social Security disability regulatory criteria. *See Hill v. Astrue,* 698 F.3d 1153, 1160 (9th Cir. 2012) (ALJ erred by discounting physician's opinion when the opinion was not a conclusion reserved to the Commissioner, but it was an opinion based on objective medical evidence). Dr. Rosinbum stated, based on plaintiff's symptoms and limitations of concussion, from a closed head injury that required surgery, "I do not anticipate her condition improving adequately for her to return to work," and this was based on approximately three years of doctor/patient relationship.

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a residual functional capacity ("RFC") that does not include relevant

work-related limitations, the RFC is deficient and the error is not harmless. *Id.* at 1052, 1054*; see also Carmickle v. Comm'r. Spc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished). Here, Dr. Rosinbum gave an opinion that plaintiff "continues to experience fatigue, light/sound/screen sensitivity, cervical neck pain, frontal headaches, classic migraines, vestibular impairment, and cognitive impairments." AR 1269. The ALJ did not analyze whether this was consistent with other medical evidence or supported by the records of Dr. Rosinbum's treatment of plaintiff. If Dr. Rosinbum's assessment had been properly analyzed, it may have resulted in a different RFC with more severe limitations. Therefore, the Court finds this is reversible error.

As for Dr. Adkisson's opinion, the ALJ determined that it was not entirely persuasive, but that it was generally consistent with other medical records and supported by Dr. Adkisson's own findings. AR 35. Yet the ALJ discounted the opinion because the ALJ found the term "moderately severe" in Dr. Adkisson's statement that plaintiff had a limitation in the area of concentration and persistence, was "non-specific, not adequately explained, and not clearly supported by examination." AR 35. Dr. Adkisson opined that plaintiff "presents with moderately severe limitations" and showed "transient confusion and difficulty with tasks of increasing complexity when experiencing aggravation of neurological issues and depressive symptoms." AR 1314. Dr. Adkisson stated, "in the absence of excessive depressive symptom, and task modification," Dr. Adkisson opined plaintiff "displays the ability to concentrate and persist in discrete

intervals to complete required activities of daily living and mental/medical appointments." *Id.*

With respect to Dr. Adkisson's opinion, any error by the ALJ was harmless. The RFC includes a limitation that the "Claimant can understand, remember, and apply simple instructions, make simple work-related decisions, and sustain concentration, persistence, and pace to perform simple tasks before and after normal break periods. The claimant can deal with changes in a work environment with these limitations." AR 30. Even if the ALJ had fully credited the opinion of Dr. Adkisson, the RFC incorporates a limitation to simple tasks; Dr. Adkisson's opinion is somewhat ambiguous regarding the discrete intervals and therefore does not require more restrictive limitations as to the number or frequency of work breaks in the RFC. Any error is therefore inconsequential to the disability finding.

### 2. Plaintiff's statements about symptoms and limitations

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

Conservative treatment modalities, and improvement with treatment, can be legally supported reasons for an ALJ to discount plaintiff's statements about symptom severity. *Smartt v. Kijakazi,* 53 F.4th 489, 500 (9th Cir. 2022) (although initial surgery was not conservative treatment, routine, and conservative treatment after surgery was inconsistent with plaintiff's statements about severe limitations); *Kitchen v. Kijakazi*, 82 F.4h 732, 739 (9th Cir. 2023) (finding "a gradual improvement in [claimant's] functioning" a specific, clear, and convincing reason where it undermined the testimony given).

Here, plaintiff attended group therapy and individual therapy, reported a positive response to those therapies. AR 1311, 1338-1357, 1387-1399. She did not take medication for mental health symptoms and reported that counseling helped her symptoms. AR 823-829, 1263. Headaches and pain in her jaw and neck were treated with over-the-counter pain medication. AR 769, 1370. A cognitive assessment in July 2019 showed progress, and she was responding well to training and treatment with occupational therapy. AR 510-511.

Because the ALJ relied on two clear and convincing reasons supported by substantial evidence, any erroneous reasons would be harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

### 3. Lay witness evidence

Plaintiff alleges the ALJ erred by failing to give germane reasons for rejecting lay witness evidence of Rosabel Harris (AR 852), Heather Maxfield (AR 836), and plaintiff's spouse (AR 343-350). An ALJ is "not required to articulate" how he or she evaluated evidence from non-medical sources such as family members. 20 C.F.R. § 404.1502(e).

6

The Ninth Circuit has not yet clarified whether an ALJ is still required to provide "germane reasons" for discounting lay witness testimony, but it has continued to apply this standard. *See, e.g.*, *MacArthur v. Kijakazi*, No. 23-35050, 2023 WL 8519119, at *2 (9th Cir. Dec. 8, 2023) ("An ALJ may discount lay witness opinion evidence by providing reasons germane to each witness for doing so.") (citing *Molina v. Astrue*, 674 F.3d 1104,1111 (9th Cir. 2012) (internal quotations omitted).

The purpose of lay witness testimony, as suggested by its name, is not to provide "specific vocational limitations," like a medical opinion would. They are evidence that requires consideration because they are often from eyewitnesses, such as family members, who can independently attest to "observations of the claimant's pain and other symptoms." *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993). If the statements of the lay witnesses essentially repeat the statements of plaintiff about symptoms and limitations, any error would be harmless if the ALJ had given permissible reasons for discounting plaintiff's statements. *Molina,* 674 F.3d at 1122.

Here, the statements of the non-medical sources do not add information beyond what plaintiff testified about. The ALJ did not commit harmful error.

**4.   Whether the ALJ erred at step five.**

Plaintiff argues the ALJ erred by failing to address objections to discrepancies in the job numbers relied upon by the Vocational Expert ("VE").

The VE explained the methodology for determining the estimated job numbers available in the national economy. AR 72. Plaintiff relies on information generated from Job Browser Pro (Dkt. 9, Opening Brief at 16-17), but the VE's methodology did not use Job Browser Pro. The ALJ's decision to rely on the VE's estimates is in line with the

reasoning of *Wischmann v. Kijakazi,* 68 F.4th 498, 507-508 (9th Cir. 2023), and plaintiff's reliance on a different methodology does not establish error. The ALJ was not obliged to address the Job Browser Pro evidence, when the methodology deployed was different from the methodology of the VE, and plaintiff does not make any showing that the VE's methodology was unreliable.

**5. Whether the Court should reverse with a direction to award benefits.**

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045.

Here, the Court has found one harmful error in the ALJ's evaluation of the medical opinion evidence.

Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts, such as conflicts in the medical evidence. Therefore, this matter should be reversed for further administrative proceedings, including a de novo hearing, not with a direction to award benefits.

**CONCLUSION**

For these reasons, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings. The Commissioner must re-evaluate the medical opinion evidence of Dr. Rosinbum, and conduct the five-step review process including a de novo hearing, giving plaintiff the opportunity to present additional evidence.

Dated this 12th day of May, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge